UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FLOYD PHILLIP ALFORD,

              Petitioner,

v.                                 CASE NO. 2:06-CV-14890
                                 HONORABLE GERALD E. ROSEN
ANDREW JACKSON,             MAGISTRATE JUDGE SCHEER

              Respondent.
_____/

### ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)

Petitioner Floyd  Phillip Alford has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  The habeas petition challenges Petitioner's 1995 state conviction for first-degree murder.

Petitioner challenged the same conviction in a previous habeas corpus petition filed in this District.  United States District Judge George Caram Steeh denied the first habeas petition on the merits.  *See Alford v. Robinson,* No. 99-CV-76324-DT (E. D. Mich. Sept. 27, 2000).  The United States Court of Appeals for the Sixth Circuit subsequently denied a certificate of appealability.  *See Alford v. Robinson*, No. 02-2266 (6th Cir. Mar. 24, 2003).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).  When a second

or successive petition for habeas corpus relief is filed in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631.  *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

This Court  has no jurisdiction to consider Petitioner's unauthorized second or successive habeas petition.  *In re King*, 190 F.3d 479, 482 (6th Cir. 1999); *In re Sapp*, 118 F.3d 460, 461 (6th Cir. 1997).  Accordingly, the Clerk of Court is **ORDERED** to transfer Petitioner's case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.


/s/ GERALD E. ROSEN_____
 GERALD E. ROSEN
 UNITED STATES DISTRICT JUDGE

Dated: December 27, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record and Floyd Alford # 244180, Mound Correctional Facility, 17601 Mound Road, Detroit, MI  48212 on December 27, 2006, by electronic and/or ordinary mail.

s/Kendra Byrd_____
Case Manager

_____

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.